Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 1 of 11

# United States Court of Appeals for the Federal Circuit

FILED - CLERK
'05 MAY 23 PM 12:52
TX EASTERN - LUFKIN
BY ______

04-1400

TEXAS HEALTH CHOICE, L.C.,

Plaintiff-Appellee,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Defendant-Appellant.

Michael S. Nadel, McDermott Will & Emery LLP, of Washington, DC, argued for plaintiff-appellee.

Jane W. Vanneman, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With her on the brief were Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director.

Appealed from: United States District Court for the Eastern District of Texas

Chief Judge Thad Heartfield

A True Copy I Certify
David J. Maland, Clerk
U.S. District Court
Eastern District, Texas
By ______

# United States Court of Appeals for the Federal Circuit

04-1400

TEXAS HEALTH CHOICE, L.C.,

Plaintiff-Appellee,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Defendant-Appellant.

MAYER, Circuit Judge*, dissenting.

In my view, this case is controlled by Bowen v. Massachusetts, 487 U.S. 879 (1988), and Katz v. Cisneros, 16 F.3d 1204 (Fed. Cir. 1994). By not following those cases this court is transferring our case to a court without either jurisdiction or the power to grant the requested relief. The Court of Federal Claims cannot grant the relief sought because the case challenges a regulation. Categorizing Texas Health's action as a contract claim ignores that fact. The Court of Federal Claims can neither entertain a declaratory judgment action to hold the regulation invalid nor equitably reform the contract. Bowen, 487 U.S. at 905 ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief."). Accordingly, I would affirm the order of the district court denying the motion to dismiss and the motion to transfer the case to the Court of Federal Claims.

---

* Haldane Robert Mayer vacated the position of Chief Judge on December 24, 2004.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Date: 5/18/05

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 3 of 11

# United States Court of Appeals for the Federal Circuit

04-1400

TEXAS HEALTH CHOICE, L.C.,

Plaintiff-Appellee,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Defendant-Appellant.

---

DECIDED: March 3, 2005

---

Before MICHEL*, Chief Judge, MAYER** and LINN, Circuit Judges.

Opinion for the court filed by Chief Judge MICHEL. Dissenting opinion filed by Circuit Judge MAYER.

MICHEL, Chief Judge.

The Office of Personnel Management ("OPM") appeals the United States District Court for the Eastern District of Texas's denial of its motion to dismiss for lack of subject matter jurisdiction and its separate motion to transfer venue to the United States Court of Federal Claims. Tex. Health Choice, L.C. v. Office of Pers. Mgmt.,

---

* Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

** Haldane Robert Mayer vacated the position of Chief Judge on December 24, 2004

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 4 of 11

No. 90:03cv14 (E.D. Tex. Mar. 9, 2004) ("March Order"). The appeal was submitted after oral argument on December 8, 2004. Because Texas Health's suit against OPM is governed exclusively by the dispute resolution scheme set forth in the Contract Disputes Act, ("CDA") codified at 41 U.S.C. §§ 601-613, under which Texas Health could file suit to contest the denial of its contract claim only in the United States Court of Federal Claims, not in district court, we reverse the district court's decision with respect to venue and remand for transfer to the Court of Federal Claims, which has exclusive jurisdiction.

## BACKGROUND

### A. Texas Health's Contract with OPM

OPM contracted with Texas Health, a health management organization, to provide health care services to federal employees and retirees in Texas under the Federal Employees Health Benefits Act, codified at 5 U.S.C. §§ 8901-8914 ("FEHBA"). As a services contract with the United States government, the FEHBA contract is governed by the CDA. Under the terms of the FEHBA contract, OPM annually negotiates the compensation rates and benefits with each contractor. Each May, a contractor proposes interim compensation rates to OPM for the upcoming contract year. The interim compensation rates represent a contractor's estimate of the amounts it will charge a similarly-sized subscriber group.

The following April, the contractor and OPM reconcile the estimated interim compensation rates with the rates that the contractor actually charged to the similarly-sized subscriber group. If the interim compensation rates were lower than the rates actually charged to the similarly-sized subscriber group, then OPM pays the

difference to the contractor. If, however, the interim compensation rates were higher than the rates actually charged to the similarly-sized subscriber group, then the contractor reimburses the difference to OPM.

The FEHBA contract further provides that in the final year of the contract, the reconciliation process occurs in line with an OPM-promulgated regulation ("Final Year Regulation"). See 48 C.F.R. § 1652-216-70(b)(6). Clause 3.2(b)(6) of the FEHBA contract mirrors the language of the Final Year Regulation and specifically provides:

> In the event this contract is not renewed, neither the Government nor the Carrier shall be entitled to any adjustment or claim for the difference between the subscription rates prior to rate reconciliation and the actual subscription rates.

The rationale behind this regulation and the corresponding contract provision is that "it is difficult to get adequate data from plans when they have terminated." 55 Fed. Reg. 27406 (1996).

In 2001, the interim compensation rates paid by OPM to Texas Health were $622,246 lower than the rates actually charged to a similarly-situated subscriber group. OPM thus paid Texas Health $622,246 following reconciliation. After receiving this payment, Texas Health decided to exit the FEHBA program and gave notice to OPM. In response, OPM requested Texas Health to return the reconciliation payment of $622,246, invoking Clause 3.2(b)(6). Texas Health refused. OPM then reduced its premium payment to Texas Health for December 2001 by $622,246.

In January 2002, Texas Health submitted a certified claim to the OPM contracting officer demanding payment of the $622,246 withheld from the December 2001 premium payment. OPM did not respond and, as a result, the claim was deemed denied pursuant to the CDA.

## B. Prior Court Proceedings

In January 2003, Texas Health filed suit against OPM in the United States District Court for the Eastern District of Texas, alleging that it was entitled to a declaratory judgment that the Final Year Regulation was invalid on its face or as applied to Texas Health. Specifically, Texas Health complained that the Final Year Regulation conflicts with a particular section of the FEHBA, 5 U.S.C. § 8902(i), which provides that health plans are to be compensated at rates that "reasonably and equitably reflect the cost of the benefits provided."

In April 2003, OPM filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In June 2003, OPM filed a separate motion to transfer venue to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 based upon a want of jurisdiction.

The district court delegated the issue of jurisdiction and venue to a magistrate judge for consideration. The magistrate judge ultimately issued an amended report and recommendation, concluding that federal question jurisdiction existed in the district court under 28 U.S.C. § 1331 and that the United States waived immunity from suit under the Administrative Procedure Act. Tex. Health Choice, L.C. v. U.S. Office of Pers. Mgmt., No. 9:03CV14, slip op. at 13 (E.D. Tex. Feb. 10, 2004). Accordingly, the magistrate judge recommended that the district court deny both OPM's motion to dismiss and its motion to transfer. Id.

The district court adopted the magistrate judge's amended report and recommendation and issued a brief order denying both of OPM's motions. March Order, slip op. at 2. OPM appeals that order. We have jurisdiction over the district

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 7 of 11

court's denial of OPM's motion to transfer venue to the Court of Federal Claims pursuant to 28 U.S.C. § 1292(d)(4)(A). We do not have jurisdiction to address the district court's denial of OPM's motion to dismiss for lack of subject matter jurisdiction because that denial is not an appealable interlocutory order under 28 U.S.C. § 1292. See 28 U.S.C. § 1295(a)(1). We note, however, that OPM's motion to transfer venue is premised on a want of jurisdiction, the same substantive ground presented in OPM's motion to dismiss.

## DISCUSSION

OPM argues that the Court of Federal Claims has exclusive jurisdiction over Texas Health's challenge to the validity of the Final Year Regulation because the underlying FEHBA contract is governed by the CDA and the CDA provides for a dispute resolution process wherein a claim denied by a contracting officer may either be appealed to the appropriate agency board or litigated in the Court of Federal Claims.

Texas Health responds that the district court correctly determined that it had subject matter jurisdiction under 28 U.S.C. § 1331, the general federal question statute. As an alternative ground to affirm the district court's denial of OPM's motions to dismiss and transfer venue, Texas Health asserts that the district court has subject matter jurisdiction under 5 U.S.C. § 8912, the jurisdictional provision of the FEHBA.

We agree with OPM that under the CDA, the Court of Federal Claims has exclusive jurisdiction over Texas Health's suit against OPM relating to the validity of the Final Year Regulation incorporated into the FEHBA contract as Clause 3.2(b)(6). That is because Texas Health's claim is related to the FEHBA contract. "The CDA exclusively governs Government contracts and Government contract disputes." Cecile

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 8 of 11

Indus., Inc. v. Cheney, 995 F.2d 1052, 1055 (Fed. Cir. 1993). Put differently, "[w]hen the Contract Disputes Act applies, it provides the exclusive mechanism for dispute resolution; the Contract Disputes Act was not designed to serve as an alternative administrative remedy, available at the contractor's option." Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed. Cir. 1995).

Section 605 of the CDA sets forth the process for resolving claims by a contractor against the United States relating to a contract, providing in pertinent part:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605(a) (2000) (emphasis added). Section 609 of the CDA addresses the judicial review of a contracting officer's decision, providing in pertinent part:

> [I]n lieu of appealing the decision of the contracting officer under section 6 [41 U.S.C. § 605] to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court [United States Court of Federal Claims], notwithstanding any contract provision, regulation, or rule of law to the contrary.

41 U.S.C. § 609(a)(1) (2000) (emphasis added). Section 609 thus precludes a contractor from filing suit in district court; a contractor may only file suit in the Court of Federal Claims.

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 9 of 11

Notably, Section 609 of the CDA operates in tandem with the Tucker Act to confer jurisdiction over such actions on the Court of Federal Claims.[1] We have acknowledged that "the Tucker Act, in conjunction with the CDA, purports to make the Court of Federal Claims the exclusive trial court for hearing disputes over government contracts that fall under the CDA." Quality Tooling, Inc. v. United States, 47 F.3d 1569, 1572-73 (Fed. Cir. 1995). We likewise have stated:

> The CDA provides alternative forums for challenging a [contracting officer's] final decision: a contractor may file an appeal with the appropriate board of contract appeals, 41 U.S.C. § 606 (1988), or appeal directly to the Court of Federal Claims, 41 U.S.C. § 609(a)(1) (Supp. V 1993). Courts have consistently interpreted the CDA as providing the contractor with an either-or choice of forum.

Bonneville Assocs. v. United States, 43 F.3d 649, 653 (Fed. Cir. 1994) (internal citations omitted and emphasis added).[2] Hence, there is no other alternative such as the district courts. The purpose for centralizing the resolution of government contract disputes in

---

[1] The Tucker Act specifically states:

> The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978 [41 U.S.C. § 609(a)(1)], including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act [41 U.S.C. § 605].

28 U.S.C. § 1491(a)(2) (2000).

[2] The Bonneville court cited to prior publications of the United States Code. The relevant portions of Sections 606 and 609 of the CDA have not, however, been amended since the CDA was enacted. Therefore, the text relied upon by the Bonneville court is identical to the text that appears in the current version of the United States Code dated 2000.

the Court of Federal Claims, rather than in district court, is to ensure national uniformity in government contract law. See Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed. Cir. 1994).

In the present case, Texas Health submitted a claim to recoup the $622,246 reconciliation amount it thought due under the contract to the appropriate OPM contracting officer. The contracting officer did not issue a decision on the claim, causing it to be "deemed denied." See 41 U.S.C. § 605(c)(5) (2000) ("Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this Act."). That denial gave Texas Health the option under Section 605(c)(5) of the CDA of either appealing to the appropriate agency board or commencing a suit as otherwise provided in the CDA. Texas Health purportedly chose the latter. In doing so, however, Texas Health did not comply with the CDA.

Texas Health filed suit in the district court, not in the Court of Federal Claims. That Texas Health's complaint, literally read, sought only to invalidate the Final Year Regulation, as opposed to recover the $622,246 reconciliation amount, is of no consequence to the question of jurisdiction because the complaint relates to a dispute implicating a contract with the Government. Indeed, Texas Health's complaint expressly mentions its FEHBA contract with the Government and the deemed denial of its claim before the contracting officer. Therefore, the district court simply does not have jurisdiction over Texas Health's suit.

Texas Health's arguments regarding jurisdiction under the general federal question statute and the jurisdictional provision of the FEHBA are misplaced in light of

Case 9:03-cv-00014-TH-JKG Document 62 Filed 05/23/2005 Page 11 of 11

the dispute resolution scheme for contract-related disputes against the Government set forth in the CDA. As previously noted, "[t]he CDA clearly and comprehensively defines the procedures for all contractual disputes between the United States and private contractors." Cecile Indus., 995 F.2d at 1055 (emphasis added). Accordingly, we hold that the district court erred in denying OPM's motion to transfer venue to the Court of Federal Claims for lack of jurisdiction.

## CONCLUSION

Because, pursuant to the CDA, the Court of Federal Claims has exclusive jurisdiction over suits involving a contract claim filed by a contactor against the United States, we reverse and remand the case to the district court with instructions to transfer to the Court of Federal Claims.

REVERSED AND REMANDED